# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, individually and on behalf of a proposed class,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 19-CV-2495-CAB-LL<br><br>**ORDER DENYING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[Doc. No. 3] |

This matter is before the Court on a petition by Alexandra Feiles and Aron Feiles to be appointed as guardian ad litem for minor plaintiff J.F. As one district court explained:

> [A] guardian ad litem is not a general guardian. *See, e.g., Bacon v. Mandell*, No. 10–5506, 2012 WL 4105088, at *14 n. 21 (D.N.J. Sept. 14, 2012). A general guardian is "[a] guardian who has general care and control of the ward's person and estate." Black's Law Dictionary (10th ed. 2014). A guardian ad litem, on the other hand, is "[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Id.* "Ad litem" means "[f]or the purposes of the suit; pending the suit." *Id.*; *cf., e.g., Brown v. Alexander*, No. 13–01451, 2015 WL 1744331, at *7 (N.D.Cal. Apr. 15, 2015) ("[T]he rules permitting a court to appoint a guardian ad litem exist for precisely the situation in which the child's interests are best served if he or she is represented by someone other than a custodial parent or other general guardian.").

*AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1051-52 (E.D. Cal. 2015). The appointment of a guardian ad litem, therefore, "is more than a mere formalism." *Id.* (quoting *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty.*,

*State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)). The cursory petition currently before the court, meanwhile, treats it as such and is therefore denied.

The sole grounds stated in the petition for Petitioners' appointment are that they are J.F.'s parents and are responsible adults, and that J.F. resides with them. Yet, the petition also states that J.F. does not have a general guardian. If J.F. resides with Petitioners, who are his parents, and they are not his general guardians, further information is needed about J.F.'s living arrangements. If, on the other hand, Petitioners have custody of J.F. and care for J.F.'s needs, it is unclear how they are not J.F.'s general guardians who could sue on J.F.'s behalf under Federal Rule of Civil Procedure 17(c)(1)(A). *See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (holding that parents' application for appointment as guardian ad litem was unnecessary, noting that "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and a parent is a guardian who may so sue.") (internal quotation marks and citation omitted); *see also Yeager*, 143 F. Supp. 3d at 1051-52.

Accordingly, it is hereby **ORDERED** that the petition is **DENIED WITHOUT PREJUDICE**. J.F. may re-file the petition with citation to legal authority and explanation as to why appointment of his parents with whom he resides as guardians ad litem is necessary and appropriate in this case, including relevant authority concerning appointment of guardians ad litem in a putative class action.[1]

It is **SO ORDERED**.

Dated: January 2, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] That this case is brought as a putative class action raises additional issues concerning Petitioners' ability to serve as guardians ad litem for J.F. or for the class.